UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA SHANLEY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br><br>REMINGTON LODGING & HOSPITALITY, LLC AND ASHFORD TRS BOSTON BILLERICA, LLC,<br><br>　　　　　　　Defendants. | Civil Action No. 19-11519 |

### DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Remington Lodging & Hospitality, LLC and Ashford TRS Boston Billerica, LLC (collectively "Defendants") submit this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Commonwealth of Massachusetts, District Court Department of the Trial Court, Lowell Division, County of Middlesex, where the action is now pending.

### I.    TIMELINESS OF REMOVAL

1.    On or about May 31, 2019, Plaintiff Patricia Shanley ("Plaintiff") filed a civil action in the Commonwealth of Massachusetts, District Court Department of the Trial Court, Lowell Division, County of Middlesex, entitled *Patricia Shanley v. Remington Lodging & Hospitality, LLC and Ashford TRS Boston Billerica, LLC*, Civil Docket No. 1911CV361.  On June 21, 2019, Plaintiff served both Defendants with the Summons, Complaint, and Statement of Damages in such action.  True and accurate copies of those documents are attached as Exhibits A - D.  The documents referred to in this paragraph are the only process, pleadings, or orders

served on Defendants, or known by Defendants to have been filed or issued, in the state-court action.  *See* 28 U.S.C. § 1446(a).

2. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days after service of process on Defendants.

## II. VENUE

3. The Commonwealth of Massachusetts, District Court Department of the Trial Court, Lowell Division, County of Middlesex, is located within the District of Massachusetts. *See* 28 U.S.C. § 101.  Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL: FEDERAL-QUESTION JURISDICTION

4. In the Complaint, Plaintiff asserts claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA")" alleging that Defendants failed to pay wages and tips in violation of the FLSA.  *See* Complaint ¶¶ 23 – 37; Counts I-II.

5. By asserting claims under federal law, namely, the FLSA, Plaintiff's Complaint contains a federal question over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  The action is therefore removable under 28 U.S.C. § 1441(a), which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."

6. This Court, accordingly, has jurisdiction over the subject matter of this action without regard to the amount in controversy or to the citizenship of the parties.

## IV. SUPPLEMENTAL JURISDICTION

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state-law claims that are part of the same case or controversy as removable federal claims.  State and

federal claims are part of the same case or controversy when they arise out of a common nucleus of operative facts or would ordinarily be expected to be tried together in one judicial proceeding.

8. The state-law claims alleged in the Complaint are part of the same case or controversy as Plaintiff's FLSA claim. Specifically, in the Complaint, Plaintiff also asserts claims against Defendants alleging Defendants failed to pay wages and tips in violation of M.G.L. c. 149, § 152A(b) and that they allegedly retaliated against her in violation of M.G.L.c. 151, § 19. *See* Complaint ¶¶ 38 – 61; Counts III – VI. Notably, all of Plaintiff's claims against Defendants arise out of Plaintiff's allegations that Defendants failed to pay alleged wages and tips as well as Plaintiff's alleged employment with and alleged termination from employment with Defendants. *See* Complaint ¶¶ 7-21; Counts I - VI.

9. Indeed, Plaintiff's state and federal claims each incorporate the allegations contained under the "Facts" heading of the Complaint. Plaintiff expressly incorporates all preceding paragraphs of her Complaint into each of her causes of action beginning on the third page of the Complaint. *See id.* at pp. 3, 5, 6, 8, 10, and 11.

10. Because the federal claims asserted in the Complaint are removable, this Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1441(c).

**V.      CONCLUSION**

11. To date, Defendants have not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

12. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a notice to the state court of its removal of this action to federal court, along with a copy of this Notice, in the Commonwealth of Massachusetts, District Court Department of the Trial Court, Lowell

Division, County of Middlesex. Additionally, Defendants will serve a copy of the notice to the state court and a copy of this Notice on Plaintiff's counsel of record.

13. In accordance with Local Rule 81.1, Defendants will file with this Court attested copies of all records, proceedings, and docket entries in the state court within twenty-eight (28) days of the date of this Notice.

14. By removing this matter, Defendants do not waive, or intend to waive, any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendants respectfully request that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Commonwealth of Massachusetts, District Court Department of the Trial Court, Lowell Division, County of Middlesex, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

REMINGTON LODGING & HOSPITALITY, LLC AND ASHFORD TRS BOSTON BILLERICA, LLC,

By their attorneys,

/s/Katherine G. Rigby
Katherine G. Rigby (BBO #676436)
Alexandra E. Shaw (BBO #694534)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel. 617-994-5700
Fax 617-994-5701
katherine.rigby@ogletree.com
alexandra.shaw@ogletree.com

Dated: July 11, 2019

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 11, 2019, a true and accurate copy of the foregoing document was served on Plaintiff's counsel of record by email and first class mail as follows:

>Bradford N. Louison
>LOUISON, COSTELLO, CONDON & PFAFF, LLP
>101 Summer Street
>Fourth Floor
>Boston, MA 02110
>blouison@lccplaw.com

                                        /s/ Katherine G. Rigby
                                        Katherine G. Rigby

39199190.1