# EXHIBIT A

**Commonwealth of Massachusetts**
**Lowell District Court**
41 Hurd Street
Lowell, MA 01852
(978) 459-4101

PATRICIA SHANLEY
      PLAINTIFF(S),

CIVIL No. 1911 C V 361

v. REMINGTON LODGING + HOSP.
LLC AND ASHFORD
TRS BOSTON BILLERICA LLC
      DEFENDANT(S)

SUMMONS

THIS SUMMONS IS DIRECTED TO REMINGTON LODGING + HOSPITALITY LLC
      (Defendant's name)

    1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Lowell Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

    2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Lowell District Court, 41 Hurd Street, Lowell, MA 01852" and to the individual below:

BNI MOISON
(name of Plaintiff or Plaintiff's attorney)

at LONDON COSTELLO CONLON + PFAFF: 101SCOMMERST.
#4 BOSTON MA (address) 02110

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

    3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

    4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

A true copy Attest: _Joseph P Casey_
Deputy Sheriff Suffolk County
6-21-19

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Stacey J. Fortes, First Justice on _____, 20____.

(SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**RETURN OF SERVICE**

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual address: _____

☐ In hand _____

☐ Other _____

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, §154)*

Rev. 9/2015

# EXHIBIT B

**Commonwealth of Massachusetts**
**Lowell District Court**
41 Hurd Street
Lowell, MA 01852
(978) 459-4101

PATRICIA A SHANLEY,
PLAINTIFF(S),

CIVIL No. *1911 CU 361*

SUMMONS

v. *REMINGTON LODGING + HOSP
LLC AND ASHFORD TRC
BOSTON BILLERICA LLC*
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO *ACHFORD TRC BOSTON BILLERICA LLC*
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing
you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the
original has been filed in the Lowell Division of the District Court Department. You must
respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order
requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your
right to defend yourself in this lawsuit, you must deliver or mail a written response called an
"Answer" to both the "Clerk's Office for Civil Business, Lowell District Court, 41 Hurd Street,
Lowell, MA 01852" and to the individual below:
*BN LOVISON*                              at *LOVISON COSTELLO CONDON + PFAFF LLP*
(name of Plaintiff or Plaintiff's attorney)   *101 SUMMER ST #4* (address) *BOSTON MA 02110*
Your Answer must be delivered or mailed within 20 days from the date the Summons was
delivered to you. If you need more time to respond, you may request an extension of time in
writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is
your written response to the statements made by the Plaintiff in the Complaint. In your Answer
you must state whether you agree or disagree with each paragraph of the Complaint. You may
agree with some of the things the Plaintiff says and disagree with other things. You may also say
that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint
is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial
in your Answer. Even if you agree that you owe what is claimed, sending an Answer will
provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the
Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff
asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Joseph P Casey

A true copy Attest:

Deputy Sheriff Suffolk County
6-21-19

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Stacey J. Fortes, First Justice on _____, 20___.

(SEAL)

_____
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

RETURN OF SERVICE

On _____, 20___ I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

□ Last and Usual Address

□ In hand

□ Other

*Please place date you make service in this box and on copy served on defendant and return original to this Court.*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, §31).*

Rev. 9/2015

# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
OF THE TRIAL COURT
LOWELL DIVISION

MIDDLESEX, SS.                                    CIVIL ACTION NO.

PATRICIA SHANLEY,
            Plaintiff

v.

REMINGTON LODGING &
HOSPITALITY, LLC AND
ASHFORD TRS BOSTON
BILLERICA, LLC
            Defendants

## COMPLAINT AND JURY CLAIM

1.      The plaintiff is Patricia Shanley, 135 Bridle Road, Billerica (Middlesex County) Massachusetts.

2.      The defendant is Remington Lodging & Hospitality, LLC with a principal office/place of business at 14185 Dallas Parkway, Suite 1150, Dallas, TX 75254 whose resident agent is Corporation Service Company, 84 State Street, Boston, MA 02109.

3.      The defendant is Ashford TRS Boston Billerica, LLC with a principal place of business at 14185 Dallas Parkway, Suite 1100, Dallas, TX 75254 whose resident agent is Corporation Service Company, 84 State Street, Boston, MA 02109.

4.      The defendant Remington Lodging & Hospitality, LLC does business in the Commonwealth of Massachusetts, which included operating a Marriott Courtyard hotel at 270 Concord Road, Billerica (Middlesex County) Massachusetts.

5.      The defendant Ashford TRS Boston Billerica, LLC does business in the Commonwealth of Massachusetts, which includes operating a Marriott Courtyard hotel at 270 Concord Road, Billerica (Middlesex County) Massachusetts.

6.      The defendants are subject to the jurisdiction of the courts of the Commonwealth of Massachusetts by operation of but not limited to M.G.L. c. 223A, § 3.

7.      The plaintiff was employed by the defendants at the Marriott Courtyard in Billerica, Massachusetts since 1998. She served in various capacities as bartender, banquet server and waitress.

8.      On or about 2016, the defendants purchased, operated, and managed the Marriott in Billerica and were the plaintiff's employers.

9.      The plaintiff's compensation from the defendants always included tip income along with an hourly wage.

10.      Tip income made up a substantial portion of the plaintiff's compensation.

11.      The defendants provided a complimentary breakfast/breakfast buffet for groups, including tour groups staying or visiting the hotel.

12.      Each patron partaking of the breakfast/buffet received a ticket which stated *"breakfast is inclusive with tax and gratuity."*

13.      The plaintiff and other waitresses who served the breakfast/breakfast buffet received $1.50 for tip income per individual or "per ticket" which was the "gratuity" to be paid to the plaintiff and others.

14.      Initially the tips were included in the payroll system but later the tickets were collected and counted and the tips to the wait staff were determined and paid separately to the staff.

15.    In March 2017, the defendants' manager (Ron Como) announced to the plaintiff and others that the company will no longer pay tip income to the wait staff for the breakfast/breakfast buffet "tickets," although defendants' continued to collect the gratuity/tip.

16.    The plaintiff filed a complaint with the Massachusetts Attorney General's Office in May of 2017 and the Attorney General's Office conducted an investigation.

17.    In September of 2017, it was announced by the defendants that they would resume paying the tip income to the wait staff.

18.    The plaintiff earned and was entitled to the tips which were unlawfully withheld and she was forced to work without the compensation from the tips for those seven months, totaling $8,000.00.

19.    As a result of the plaintiff's complaining to the Attorney General's Office, the defendants retaliated against the plaintiff. In September of 2017 her hours were reduced significantly and then she was removed from the work schedule entirely.  The defendants effectively terminated the plaintiff.

20.    After the complaint was filed with the Attorney General, the defendants destroyed all of the collected breakfast tickets.

21.    On January 10, 2019, the plaintiff received authorization from the Attorney General's Office to pursue a private civil action.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 216(b) AND 29 U.S.C. § 203(m)(2)(B)
### BY REMINGTON LODGING & HOSPITALITY, LLC

22.    The plaintiff restates and incorporates all of the allegations contained in Paragraphs 1-21 as if specifically stated herein.

23.    The plaintiff is entitled to bring a private action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") as a result of the defendants' intentional and willful failure to pay wages/ tips.

24.    29 U.S.C. § 203(m)(2)(B) states that: "an employer may not keep tips received by its employees for any purposes . . .An employer who violates this section shall be liable to the employee effected in the amount of the sum of any tip credit and the additional equal amount is liquidated damages."

25.    The defendant has repeatedly violated the FLSA by failing to pay tip compensation.

26.    The defendant is liable to the plaintiff in an amount equal to the plaintiff's unpaid wages/tips and an additional equal amount as liquidated damages and attorney's fees.

27.    The defendant is also liable for such legal or equitable relief as may be appropriate.

28.    The award of attorney's fees and costs is mandatory.

29.    The defendant has no good faith or reasonable grounds for believing that it was justified in failing to pay tip income.

WHEREFORE, the plaintiff demands the following relief against Remington Lodging & Hospitality, LLC.;

a.    Judgment for damages in the amount of $8,000.00 and a declaration that the acts complained of herein are in violation of the FLSA and that the defendant is liable to the plaintiff under the FLSA for any and all unpaid tip wages;

b.    Judgment for damages in the amount of $8,000.00 liquidated damages;

c.        An award of reasonable attorney's fees and costs for the prosecution of

this suit; and

d.        Such other further relief as this Court deems just and appropriate.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 216(b)**
**BY ASHFORD TRS BOSTON BILLERICA, LLC**

30.    The plaintiff restates and incorporates all of the allegations contained in

Paragraphs 1- 29 as if specifically stated herein.

31.    The plaintiff is entitled to bring a private action under the Fair Labor Standards

Act, 29 U.S.C. § 216(b) ("FLSA") as a result of the defendants' intentional and willful failure to

pay wages.

32.    29 U.S.C. § 203(m)(2)(B) states that: "an employer may not keep tips received

by its employees for any purposes . . .An employer who violates this section shall be liable to the

employee effected in the amount of the sum of any tip credit and the additional equal amount is

liquidated damages."

33.    The defendant has repeatedly violated the FLSA by failing to pay tip

compensation.

34.    The defendant is liable to the plaintiff in an amount equal to the plaintiff's unpaid

wages/tips and an additional equal amount as liquidated damages and attorney's fees.

35.    The defendant is also liable for such legal or equitable relief as may be

appropriate.

36.    The award of attorney's fees and costs is mandatory.

37.    The defendant has no good faith or reasonable grounds for believing that it was

justified in failing to pay tip income.

5

WHEREFORE, the plaintiff demands the following relief against Ashford TRS Boston Billerica, LLC;

a.      Judgment for damages in the amount of $8,000.00 and a declaration that the acts complained of herein are in violation of the FLSA and that the defendant is liable to the plaintiff under the FLSA for any and all unpaid tip wages;

b.      Judgment for damages in the amount of $8,000.00 liquidated damages;

c.      An award of reasonable attorney's fees and costs for the prosecution of this suit; and

d.      Such other further relief as this Court deems just and appropriate.

**COUNT III**
**VIOLATION OF M.G.L. c. 149, § 152A(b)**
**FOR FAILURE TO PAY WAGES AND TIPS AGAINST**
**REMINGTON LODGING & HOSPITALITY, LLC**

38.     The plaintiff restates and incorporates all of the allegations contained in Paragraphs 1-37 as if specifically stated herein.

39.     M.G.L. c. 149, § 152A(b) states that: "No employer or other persons shall demand, request or accept from any wait staff employee . . . any payment or deduction from a tip or service charge given to such wait staff employee . . . .No such employer or other person shall retain or distribute in a manner inconsistent with this section any tip or service charge given directly to the employee or person."

40.     "If an employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge or tip, total proceeds of that service charge or tip shall be

remitted only to the wait staff employees in proportion to the service provided by those employees."

41.   M.G.L. c. 149, § 152A(e) states that: "Any service charge or tip remitted by a patron or person to employer shall be paid to the wait staff employee. . . .by the end of the same business day and in no case later than the time set forth for timely payment of wages under § 148.

42.   The defendant's refusal to pay the earned wages/tips to the plaintiff violates the law as stated above.

43.   The defendant's refusal to pay the tips and withdrawal of the tip income was willful and the plaintiff has satisfied all of her prerequisites to sue pursuant to c. 149, § 148 and § 150.

44.   As a result of the defendant's actions, the defendant is subject to all of the civil penalties and remedies set forth in M.G.L. c. 149, § 27C and is required by law by the statute to make restitution for any tips accepted, distributed or retained in violation of this section with interest thereof at the rate of 12% per annum.

45.   The tip income to the plaintiff is considered wages.  The defendant's refusal to pay wages for hours worked is in violation of M.G.L. c. 149, § 148.

46.   As a result, the defendant is required to pay the amount withheld including liquidated damages, treble damages, costs and attorney's fees pursuant to M.G.L. c. 149, § 150 and c. 151, § 1B.

WHEREFORE, the plaintiff demands the following relief against Remington Lodging & Hospitality, LLC.;

a.   Judgment for damages in the amount of $8,000.00 and a declaration that the acts complained of herein are in violation of the law and that the defendant is liable to the plaintiff for any and all unpaid tip wages;

b.   Judgment for damages in the amount of treble damages;

c.   An award of reasonable attorney's fees, interest and costs for the prosecution of this suit; and

d.   Such other further relief as this Court deems just and appropriate.

**COUNT IV**
**VIOLATION OF M.G.L. c. 149, § 152A(b)**
**FOR FAILURE TO PAY WAGES AND TIPS AGAINST**
**ASHFORD TRS BOSTON BILLERICA, LLC**

47.   The plaintiff restates and incorporates all of the allegations contained in Paragraphs 1-46 as if specifically stated herein.

48.   M.G.L. c. 149, § 152A(b) states that: "No employer or other persons shall demand, request or accept from any wait staff employee . . . any payment or deduction from a tip or service charge given to such wait staff employee . . . .No such employer or other person shall retain or distribute in a manner inconsistent with this section any tip or service charge given directly to the employee or person."

49.   "If an employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge or tip total proceeds of that service charge or tip shall be remitted only to the wait staff employees in proportion to the service provided by those employees."

50.    M.G.L. c. 149, § 152A(e) states that: "Any service charge or tip remitted by a patron or person to employer shall be paid to the wait staff employee. . . .by the end of the same business day and in no case later than the time set forth for timely payment of wages under § 148.

51.    The defendant's refusal to pay the earned wages/tips to the plaintiff violates Massachusetts General Laws as stated above.

52.    The defendant's refusal to pay the tips and withdrawal of the tip income was willful and the plaintiff has satisfied all of her prerequisites to sue pursuant to c. 149, § 148 and § 150.

53.    As a result of the defendant's actions, the defendant is subject to all of the civil penalties and remedies set forth in M.G.L. c. 149, § 27C and is required by law by the statute to make restitution for any tips accepted, distributed or retained in violation of this section with interest thereof at the rate of 12% per annum.

54.    The tip income to the plaintiff is considered wages.  The defendant's refusal to pay wages for hours worked is in violation of M.G.L. c. 149, § 148.

55.    As a result, the defendant is required to pay the amount withheld including liquidated damages, treble damages, costs and attorney's fees pursuant to M.G.L. c. 149, § 150 and c. 151, § 1B.

WHEREFORE, the plaintiff demands the following relief against Ashford TRS Boston Billerica, LLC;

a. Judgment for damages in the amount of $8,000.00 and a declaration that the acts complained of herein are in violation of the law and that the defendant is liable to the plaintiff for any and all unpaid tip wages;

b. Judgment for damages in the amount of treble damages;

c. An award of reasonable attorney's fees, interest and costs for the prosecution of this suit; and

d. Such other further relief as this Court deems just and appropriate.

## COUNT V
## RETALIATION AGAINST
## REMINGTON LODGING & HOSPITALITY, LLC

56.     The plaintiff restates and incorporates all of the allegations contained in Paragraphs 1-55 as if specifically stated herein.

57.     The defendant's removal of the plaintiff from the work schedule after her complaint to the Attorney General's Office for non-payment of wages along with destroying evidence is a willful retaliation and violates M.G.L. c. 151, § 19 which prohibits retaliation.

58.     As a result, pursuant to M.G.L. c. 151, § 19 the plaintiff is entitled to mandatory compensatory damages, injunctive relief, mandatory triple damages, cost of litigation and reasonable attorney's fees.

WHEREFORE, the plaintiff demands judgment against Remington Lodging & Hospitality, LLC as follows:

a.      A declaration that the defendant violated both Mass. Law and the FLSA by retaliation against the plaintiff, an order for compensatory damages in the amount of $8,000.00, mandatory treble damages, reasonable attorney's fees, interest and costs;

b.      For the retaliation in violation of Massachusetts laws, an amount of mandatory treble damages, costs and reasonable attorney's fees.

**COUNT VI**
**RETALIATION AGAINST**
**ASHFORD TRS BOSTON BILLERICA, LLC**

59.     The plaintiff restates and incorporates all of the allegations contained in Paragraphs 1-58 as if specifically stated herein.

60.     The defendant's removal of the plaintiff from the work schedule after her complaint to the Attorney General's Office for non-payment of wages along with destroying evidence is a willful retaliation and violates M.G.L. c. 151, § 19 which prohibits retaliation.

61.     As a result, pursuant to M.G.L. c. 151, § 19 the plaintiff is entitled to mandatory compensatory damages, injunctive relief, mandatory triple damages, cost of litigation and reasonable attorney's fees.

WHEREFORE, the plaintiff demands judgment against Ashford TRS Boston Billerica, LLC as follows:

a.      A declaration that the defendant violated both Mass. Law and the FLSA by retaliation against the plaintiff, an order for compensatory damages in the amount of $8,000.00, mandatory treble damages, reasonable attorney's fees, interest and costs;

b.      For the retaliation in violation of Massachusetts laws, an amount of mandatory treble damages, costs and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

The plaintiff demands a jury trial.

Respectfully submitted,

PLAINTIFF,
PATRICIA SHANLEY,

By her attorneys:

Bradford N. Louison (BBO#305755)
blouison@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA  02110
617-439-0305
FAX: 617-439-0325

Dated:  May 31, 2019

12

# EXHIBIT D

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Docket No.:<br><br>Division: _LOWELL_ | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|

| Plaintiff(s) PATRICIA SHANLEY | Defendant(s) REMINGTON LODGING + HOSPITALITY LLC ASHFORD TRS BOSTON BILLERICA LLC |
|---|---|

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: ............................................... | $_____ |
| 2. Total doctor expenses: ................................................ | $_____ |
| 3. Total chiropractic expenses: ....................................... | $_____ |
| 4. Total physical therapy expenses: ............................... | $_____ |
| 5. Total other expenses (Describe): _____ | $_____ |
| B. **SUBTOTAL for lines 1-5 above:** | $_____ |
| C. Documented lost wages and compensation to date: ............... | $_____ |
| D. Documented property damages to date: ........................ | $_____ |
| E. Reasonable anticipated future medical and hospital expenses: ......... | $_____ |
| F. Reasonably anticipated lost wages: ................................. | $_____ |
| G. Other documented items of damage (Describe): _____ | $_____ |
| For this form, disregard double or treble damage claims, indicate single damages only. | |
| **TOTAL TORT CLAIMS for lines B-G above:** | $_____ |

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):—————————————————————

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): FAILURE TO PAY WAGES/TIPS TO WAITRESS; viol. FLSA, MASS WAGE LAWS; RETALIATION MANDATORY DOUBLE + TREBLE DAMAGES COSTS AND ATTYS FEES | $ 8000.00<br>$_____<br>$_____ |
| For this form, disregard double or treble damage claims; indicate single damages only. | |
| **TOTAL CONTRACT CLAIMS:** | $ 8000.00 |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS & PHONE: |
|---|---|
| Signature: _Bradford_ | _____ |
| Type Name: BRADFORD N LOUISON | _____ |
| Address: 101 SUMMER ST #4  BOSTON MA 02110 | _____ |
| Phone: 617 439 0305 | |
| B.B.O.#: 305755 | |
| Date: 5/25/15 | |

08/06